[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION, CORRECTION, AND FURTHER ORDERS
This matter comes before this court, post judgment, by virtue of the plaintiff husband's ("husband") Motion for Articulation dated January 9, 2001 (#235). The marriage of the parties was dissolved by decree of this court on March 15, 2000, and incorporated therein was the Agreement of the parties, also dated March 15, 2000, which provided inter alia for the husband to pay child support for the two minor children, as well as orders requiring him to maintain life and health insurance for their benefit. The defendant wife ("wife") filed an Amended Post Judgment Motion for Contempt dated October 17, 2000 (#213), alleging that the husband was in willful violation of the decree in one or more respects. This motion was argued at a hearing on October 30, 2000, at which time the husband testified at length. The court issued a Memorandum of Decision dated December 14, 2000 (#225). The husband, who was represented by counsel at the hearing, now represents himself in prosecuting his appeal from that decision. The husband has framed his motion in ten separate paragraphs denominated by Roman numerals I through X. In addition, the husband has filed a Motion for Stay of Judgment Pending Appeal dated January 9, 2001 (#231), to which the wife filed an Objection dated February 1, 2001. The issue presented by the latter motion revolves around whether or not the orders relating to the provision of life and health insurance for the benefit of the minor children are stayed pending the appeal. CT Page 3022
 FINDINGS
Pursuant to Section 66-5 of the Connecticut Practice Book, the court having reviewed the file as well as the Transcript of the hearing dated October 30, 2000, hereby makes the following findings:
 1. That the court's Findings and Order concerning the husband's failure to maintain life insurance for the benefit of the minor child as well as his efforts to obtain employment are amply supported by the record and, moreover, they are sufficiently clear and need no further articulation.
 2. That a review of the Transcript of the hearing dated October 30, 2000 at page 26 thereof demonstrates that, as of the date of the hearing, according to his uncontroverted testimony, the husband had, in fact, been providing health insurance for the minor children under COBRA, and therefore the husband was not in willful contempt ON THAT ISSUE ALONE, and that the court's Findings and Order should be corrected to reflect that fact.
 3. That a review of the husband's financial affidavit dated September 29, 2000, discloses that the two Northwestern Mutual Life Insurance policies referred to in paragraph I of the Findings and paragraph 4 of the court's Order dated December 14, 2000, insured the life of the parties' two children respectively, however, the record further substantiates the fact that while life insurance was available through his former employer, the husband has failed to maintain life insurance on his life for the benefit of the wife in derogation of the order of the court dated March 15, 2000 (Tr. 26-27); and that the Findings and Order of this court dated December 14, 2000, should be amended to reflect that fact.
 4. That a review of the file subsequent to the date of the hearing indicates that the husband filed a Notice of Compliance dated December 29, 2000 (#228) regarding the court's orders concerning health insurance and life insurance. CT Page 3023
 5. That at the hearing before this court on October 30, 2000, counsel for the husband argued to the court that modification of the life insurance orders would be permissible as it was a child support issue and not one of property division (Tr. 27-28, 87), and, with the permission of the court, followed up with a Memorandum of Law in support of this position on November 3, 2000 (#216); and that, therefore, the Order of this court regarding the maintenance of health and life insurance should not be stayed pending appeal.
 ORDER
IT IS HEREBY ORDERED THAT:
 1. Plaintiff's Motion for Articulation as to paragraphs III., V., VI., and VIII. — X. is hereby DENIED.
 2. In response to paragraphs I., II., IV., and VII. of plaintiff's Motion for Articulation, the court's Findings dated December 14, 2000 are hereby CORRECTED consistent with the foregoing, and the court's orders are hereby AMENDED accordingly:
 Finding number 1 shall be CORRECTED to read as follows: That the husband has failed to comply with orders of this court in one or more respects, in that he has failed to pay the order of unallocated alimony and child support; and in that he has failed to maintain life insurance on his life for the benefit of the minor children.
 Finding number 2 shall be CORRECTED to read as follows: That as to the provisions of the court order relating to the maintenance of life insurance for the benefit of the minor children, the husband's failure was willful and without good cause, and THEREFORE HE IS FOUND TO BE IN CONTEMPT AND SHALL HAVE TWO (2) WEEKS FROM THE DATE OF THIS MEMORANDUM OF DECISION TO PURGE HIMSELF THEREOF AS SET FORTH HEREIN, AND UPON HIS FAILURE TO DO SO WITHOUT JUST CAUSE BE SUBJECT TO FURTHER ORDER OF THIS COURT, INCLUDING THE POSSIBILITY OF HIS CT Page 3024 INCARCERATION.
 Paragraph 3 of the court's order is hereby PARTIALLY VACATED and shall the AMENDED ORDER shall read as follows: The husband shall continue to maintain health insurance for the minor children at his sole cost. The court finds it equitable and appropriate to deviate from the Child Support Guidelines in light of the husband's earning capacity and the needs of the children per Sections 46b-215a-3 (b)(1)(B) and 46b-215a-3
(b)(6)(B) of the child Support Guidelines and Arrearage Regulations, and that any un-reimbursed medical expenses for the minor children shall be shared 50% by the husband and 50% by the wife.
 Paragraph number 4 of the court's order is hereby VACATED and the following ORDER shall be substituted as follows: The husband shall, within two (2) weeks from the date of this Corrected Memorandum of Decision, take steps to reinstate the life insurance on his life through his previous employer in effect at his termination of employment, or an equivalent amount through another carrier, for the benefit of the minor children, and continue to maintain same at his sole cost consistent with the decree of this court dated March 15, 2000. The husband shall provide the wife with satisfactory proof of reinstatement or of equivalent insurance in force within forty-eight (48) hours of his receipt of notification of same.
 3. As to paragraphs A. through J. of plaintiff's Motion for Stay Pending Appeal, they are hereby DENIED; as to paragraph K. it is hereby GRANTED.
 4. In all other respects, the Memorandum of Decision dated December 14, 2000, shall remain in full force and effect.
THE COURT
SHAY, J.